UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

    Plaintiff,

v.

MICHAEL RATAJ,

    Defendant.

Case No. 18-13298
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## ORDER DISMISSING CASE

Tyrone Price is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* complaint and the Court granted his request to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, as required by § 1915(e)(2), the court summarily dismisses it.

Section § 1915(e)(2) subjects *pro se* prisoner complaints to a screening process. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The Court must screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Price brings suit against his former lawyer, Michael A. Rataj, who was appointed Price's counsel pursuant to the Criminal Justice Act. Price says Rataj held

on to Price's personal property, including a book, letters, and family photographs. And Price alleges that Rataj refuses to return the property. So Price thinks Rataj's actions violate the Fifth Amendment. (ECF No. 1, PageID.).

Yet the Fifth Amendment does not apply to private parties. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) (explaining that the Fifth and Fourteenth Amendments "erect[] no shield against merely private conduct, however discriminatory or wrongful."). And Price cannot bring a *Bivens* action against his appointed attorney. *See, e.g.*, *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 U.S. App. LEXIS 13631, at *3 (6th Cir. June 23, 1998) (reasoning that "an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law"); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (same); *Jiau v. Hendon*, No. 12-7335, 2014 U.S. Dist. LEXIS 18471, *23–24 (S.D.N.Y. Feb. 12, 2014); *Spence v. Thompson*, No. 12-857, 2013 U.S. Dist. LEXIS 39536, at *9 (W.D. Pa. Jan. 4, 2013) report and recommendation adopted, 12-857, 2013 U.S. Dist. LEXIS 38388, (W.D. Pa. Mar. 20, 2013) ("[T]he mere fact that defense counsel may have been paid by the government (e.g., through CJA appointment) does not make the attorney a federal actor for purposes of *Bivens*, where she was performing traditional functions of counsel."); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Price has failed to state a Fifth Amendment claim upon which the Court could grant relief.

Finally, Price seeks leave to amend his complaint. (ECF No. 6.) But Price does not wish to bring any new claims, nor does he allege any facts that might make Rataj susceptible to a *Bivens* suit. *See, e.g.*, *Vector Research v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). So Price's motion to amend does not resuscitate his complaint.

Having conducted the review required by § 1915(e)(2), the Court dismisses Price's complaint (ECF No. 1) and denies, as futile, his motion to amend (ECF No. 6). And for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal *in forma pauperis* is therefore denied. 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 611.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: December 14, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 14, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager